## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **DEBORAH DEAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07 C 2366** |
| | ) | |
| **R. JAMES NICHOLSON, Secretary of** | ) | |
| **Veterans Affairs,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion for summary judgment.

For the reasons stated below, we grant the motion for summary judgment in its

entirety.

## BACKGROUND

Plaintiff Deborah Dear ("Dear") alleges that she was employed as a Clinical

Nurse Manager ("CNM") with Hines VA Hospital's emergency department

beginning in February, 2004. (Compl. Par. 7). Dear alleges that, as a CNM, Dear

was a supervisory nurse. (Compl. Par. 7). On or around June 2, 2006, Dear was

allegedly demoted by a new manager, Ruth Jennetten ("Jennetten"), to a non-supervisory staff nurse position in the Telephone Care Program. (Compl. Par. 14, 18); (SF Par. 7). Dear alleges that she had an exemplary career as a CNM and that the reason she was demoted was due to the fact that she is an African American. Dear claims that on July 18, 2006, she filed a race discrimination complaint with the Department of Veteran's Affairs. According to Dear, after she filed her complaint Dear was subject to disparate treatment which included the assignment of unwanted shifts. Dear alleges that she subsequently amended her complaint to the Department of Veteran's Affairs to include a claim of retaliation. (Compl. 2).

Dear filed the instant action on April 27, 2007, and specifically includes a claim alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e *et seq*., and a Title VII retaliation claim. Defendant moves for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must

identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I.  Local Rule 56.1

Defendant and Dear have both filed statements of material facts under Local Rule 56.1.  Pursuant to Local Rule 56.1, each party is required to respond to the opposing party's statement of facts and either admit or deny each fact.  A denial is improper if the denial is not accompanied by specific references to admissible evidence or portions of the record representing admissible evidence.  *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003); *Malec v. Sandford*, 191 F.R.D. 581, 585 (N.D. Ill 2000)(stating additionally that "[t]he purpose of the 56.1 statement is to identify for the Court the evidence supporting a party's factual assertions in an organized manner: it is not intended as a forum for factual or legal argument").  Under Local Rule 56.1, any facts included in a party's statement of facts that are not properly denied by the opposing party are deemed to be undisputed. Local Rule 56.1; *Dent*, 2003 WL 22025008, at *1 n.1.  Courts are not "obliged in [the] adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions."  *Walridge v. American Hoechst Corp.*, 24 F.3d 918, 920, 922 (7th Cir. 1994).

In the instant action, Defendant asserts that an EEO investigative report ("Report") summarizes interviews with Dear's supervisors, in which the supervisors explain their reasons for demoting Dear to a non-supervisory position. (SF Par. 14). The Report contains examples of Dear's deficiencies as a supervisor, such as one instance in which the entire emergency room staff "complained about Dear's supervisory deficiencies and threatened to walk off the job if Dear remained as their supervisor." (SF Par. 14). The Report also includes statements by Dear's second-level supervisor, Paula Steward ("Steward"), describing Dear's lack of supervisory skills and failure to promptly address the staff complaints in a timely manner when requested to do so by Steward. (SF Par. 15, 17). Dear denies the existence and content of the Report, but makes no reference to admissible evidence in her denial. (RSF Par. 14, 17). Instead, Dear's denial refers the court to Dear's statement of additional facts. (R SF Par. 14, 17). Dear is required to do more than simply direct the court to some of her filings. In addition, Dear must specifically identify the evidence or portion of the record that supports her denial. Dear, for example, in support of her denial of Defendant's statement of material fact paragraphs 14 and 17, states: "See Plaintiff's additional facts paragraphs 25-30 and 43." (R SF Par. 14). The statements of additional facts referenced by Dear contain a massive amount of facts and citations. Statement of additional fact paragraph 29 alone has ten subparts

that each has its own facts and citations. Dear fails to delineate which facts or citations would support her denials. Dear cannot avoid admitting facts by obscuring her responses with general references to the record. *See, e.g., Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007)(stating that for summary judgment "the nonmoving party must identify with reasonable particularity the evidence upon which the party relies"); *Crawford v. Indiana Harbor Belt R. Co.*, 2005 WL 1243420, at *2 (N.D. Ill. 2005)(stating that "a general reference, without additional information regarding the exhibits being referred to and the page numbers asks the court to scour the record in search of supporting evidence, which Local Rule 56.1 is intended to avoid"); *Tulley v. Tharaldson Enterprises, Inc.*, 2001 WL 1002406, at *1 (N.D. Ill. 2001)(stating that a citation generally to portions of the record without specifying matters such as page numbers does not satisfy Local Rule 56.1).

A motion for summary judgment is the time when the parties must present the court with the evidence that would be used to convince a trier of fact to accept that party's version of the facts. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007). Dear has failed to support her denial with any evidence to rebut Defendant's facts, thereby making the Report and Defendant's statements relating to Dear's job performance admissible and undisputed. *See Ciomber v. Cooperative Plus, Inc.*, 527

F.3d 635, 643 (7th Cir. 2008)(stating that "[d]istrict courts are 'entitled to expect strict compliance' with Rule 56.1 . . . and a court does not abuse its discretion when it opts to disregard facts presented in a manner that does follow the Rule's instructions")(quoting in part *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)).

## II.  Dear's Discrimination Claim

Defendant moves for summary judgment on Dear's discrimination claim.

### A.  Direct Method of Proof

When attempting to prove a claim of discrimination, a plaintiff has the option of proceeding under either a direct method of proof or an indirect method of proof. The direct method of proof requires a plaintiff to establish a discriminatory motivation through direct or circumstantial evidence.  *Rudin v. Lincoln Land Cmy. Coll.*, 420 F.3d 712, 720 (7th Cir. 2005).  Direct evidence of discrimination would constitute an "admission by" the defendant that the adverse employment action was taken on the "basis of" her membership in a protected class.  *Raymond v. Ameritech Corp.*, 442 F.3d 600, 610 (7th Cir. 2006).  Alternatively, a plaintiff can present circumstantial evidence under the direct method of proof, but such evidence must be

sufficient to create "'a triable issue of whether the adverse employment action of which [the plaintiff] complains had a discriminatory motivation.'" *Rudin*, 420 F. 3d at 721 (quoting *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1397 (7th Cir. 1997)). Under the direct method of proof a defendant can show that there is a "convincing mosaic of discrimination against the plaintiff." *Walker v. Board of Regents of University of Wisconsin System*, 410 F.3d 387, 394 (7th Cir. 2005).

In the instant action, Dear has not alleged that Defendant admitted to demoting Dear because of her race. Nor has Dear put forth sufficient circumstantial evidence to support her allegation that race motivated the Defendant to demote Dear. Dear contends that Jennetten made racist statements to Dear. (SAF Par. 34). However, the only alleged statements identified by Dear as racist statements are when Jennetten recommended that Dear change her "voice" and her "facial expressions" while talking to staff. (SAF Par. 34); (Dear Dep. 41-43). Dear has not shown that Jennetten's statements had anything to do with Dear's race. The undisputed facts show that the statements related to Dear's methods of communicating with employees and were an evaluation of Dear's job performance. Dear's communication skills were clearly one aspect of her poor work performance as the Report clearly illustrates when it addresses Dear's improper communication with staff when disciplining the staff and in improving morale. (SF Par. 14, 15).

When Dear was asked at her deposition why she believed that Jennetten was referencing Dear's race when Jennetten mentioned Dear's voice and facial expressions, Dear could not provide any solid reason for coming to such a conclusion. (Dear Dep. 42). Dear admitted that her belief that Jennetten was making a racist comment is based, not upon objective facts, but on Dear's speculation as to what Jennetten really meant by her statements. (Dear Dep. 42).

To support her race discrimination claim, Dear also points to evidence that she contends shows that Defendant replaced Dear with a "white employee with less experience and education by Jennetten." (SAF Par. 33). However, Defendant indicates that the replacement employee was merely an interim replacement. (R SF Par. 33). Finally, Dear points to her positive job performance reviews prior to being demoted as additional evidence of racial discrimination in the demotion. (SAF Par. 29). However, Dear's favorable reviews do not support her claim of race discrimination, because the reviews were conducted prior to the poor work performance on the part of Dear, upon which Defendant based its action.

Defendant contends that Dear was demoted because Dear lacked supervisory skills and because there had been numerous complaints from emergency room staff, which had caused a serious morale problem in the emergency department. (SF Par. 14). In addition, Defendant points to the undisputed evidence that shows that Dear

failed to create a comprehensive plan for resolving departmental problems when asked to do so by Steward, who Dear contends is also African American. (SF Par. 15); (Dear Ex. B. 22). Considering the totality of the evidence presented, Dear has failed to provide a triable issue where a reasonable trier of fact could find Defendant demoted Dear because of her race. Thus, even when considering the evidence in its totality, Dear cannot prove race discrimination under the direct method of proof.

### B.  Indirect Method of Proof

The indirect method of proving discrimination requires that a plaintiff first establish a *prima facie* case of discrimination by showing that: "(1) [s]he is a member of a protected class; (2) [s]he was meeting her employer's legitimate expectations at the time of the alleged adverse action; (3) [s]he was subjected to an adverse employment action; and (4) the employer treated similarly situated employees not in the protected class more favorably." *Scaife v. Cook County*, 446 F.3d 735, 739-40 (7th Cir. 2006). Once a plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to provide a legitimate non-discriminatory reason for the adverse action. *Id.* at 739. If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the defendant's reason was a pretext for unlawful discrimination. *Id* at 739-40.

Dear clearly meets the first and third requisites of a *prima facie* case of discrimination. However, the undisputed facts do not support Dear's argument that she was meeting her employer's legitimate job expectations. Dear also fails to establish that Defendant treated similarly situated employees not in Dear's protected class more favorably than Dear.

### 1. Meeting Employer's Legitimate Expectations

The undisputed facts indicate that Dear's performance as a CNM was not meeting Defendant's legitimate expectations of a supervisor. The undisputed evidence shows that Dear's leadership was first called into question when she approached Jennetten with a request to convert a part-time employee to a full-time position. (R SF Par. 14). It is undisputed that soon after being denied the request, Dear returned to ask Jennetten for permission to terminate the same employee. (R SF Par. 14). It is also undisputed that, upon investigating the matter, the emergency room physicians and staff voiced serious concerns about Dear's deficiencies as a supervisor and threatened to quit if Dear remained a supervisor. (SF Par. 14). The undisputed facts show that on one occasion Jennetten had observed Dear discipline an employee in front of others in a manner that Jennetten described as "embarrassing." (SF Par. 14). Dear merely characterizes emergency department

nurses as "disgruntled," incompetent, and distrustful of Dear, (SF Par. 15.); (SAF

Par. 43), but Dear fails to point to sufficient evidence to contradict the facts cited by

Defendant.

Dear also points to positive evaluations done by previous supervisors, Cecilia

Beauprie and Velvet Jones, to establish that Dear's job performance was meeting

Defendant's legitimate expectations. (SAF Par. 29). However, those evaluations

occurred prior to Jennetten's receipt of complaints from the VA emergency room

staff and Jennetten's observation of low employee morale in the department. At the

time of Dear's demotion, the undisputed facts show that Dear was clearly not

meeting the legitimate expectations Defendant required of supervisors. *See Hong v.*

*Children's Memorial Hosp.*, 993 F.2d 1257, 1262 (7th Cir. 1993)(indicating that

"[t]he critical issue is whether [the plaintiff] was performing well in her job at the"

relevant time); *Fortier v. Ameritech Mobile Communications, Inc.*, 161 F.3d 1106,

1113 (7th Cir. 1998)(stating that although "[t]he record indicate[d] that [the plaintiff]

had received positive performance evaluations in the years prior to [the] negative

evaluation; [the court] must keep in mind, however, that the relevant time to consider

is the time of discharge"); (R SF Par. 14-17). Also, even if Dear had performed

some of her job in a satisfactory manner in the past and received good reviews, that

is not in and of itself sufficient to show that she was meeting Defendant's legitimate

expectations. *See, e.g., Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 540 (7th Cir. 2007)(citing *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 300 (7th Cir. 2004) for the proposition that a "plaintiff who performed some aspects of his job well, but had a confrontational and disrespectful attitude, could not show that he was meeting his employer's legitimate expectations"). Thus, Dear has failed to establish that she was meeting Defendant's legitimate expectations.

### 2.  Similarly-Situated Employees

Dear also fails to establish a *prima facie* case since she has not shown that a similarly situated employee outside the protected class was treated more favorably. For the similarly situated employee requirement, a plaintiff must point to an employee that is similarly situated, meaning that the "employee is directly comparable in all material respects." *Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 979 (7th Cir. 2004); *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 331 (7th Cir. 2002)(indicating that the plaintiff must identify and compare herself to the proposed similarly situated employees and the plaintiff's "failure to offer such 'comparables' dooms her Title VII . . . claim[]")(quoting in part *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000)).

Dear claims that she was treated differently in her demotion than other non-

black employees. (SAF Par. 42). However, Dear fails to specifically identify any individuals in her answer brief that Dear believes are similarly situated employees. (Ans. 1-13). Dear merely states in a vague fashion that "[h]ere Plaintiff has shown that her co-workers were treated differently than her." (Ans. 9). Thus, Dear fails at the outset to satisfy the similarly situated element of a *prima facie* case. *See Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 728 (7th Cir. 2001)(stating that "[t]o satisfy the fourth element, [the plaintiff] must identify a comparator who is similarly situated to him in all material respects"). Thus, Dear has not shown that the employees identified by Dear are similarly-situated employees.

We also note that there are references to Pat Reiman ("Reiman") and Terri Michovich ("Michovich") in an exhibit filed by Dear that was attached to her answer. (Dear Ex. B Par. 13-15). To the extent that Dear is contending that Reiman was a similarly situated employee, the undisputed facts show that Reiman was a white employee who performed non-supervisory clerical duties and there had never been complaints by other staff that Reiman was causing a morale problem. (Dear Ex. B Par. 13-15; Dear Dep. 36-41). Dear also acknowledged at her deposition that she lacked knowledge concerning the facts surrounding employment actions taken against Reiman. (Dear Dep. 39-41). Michovich is a non-African American CNM, and other than the fact that both Dear and Michovich were CNMs, Dear provides

insufficient evidence as to how the two employees were similarly situated. There is no evidence that Michovich lacked supervisory skills or that her behavior had caused a morale problem among emergency room staff. Dear failed to include in her exhibits sufficient information to make a meaningful comparison between herself and Reiman and Michovich. *See Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 791 (7th Cir. 2007)(stating that for the similarly situated analysis courts should consider factors such as "whether the employees 1) had the same job description; 2) were subject to the same standards; 3) were subject to the same supervisor; and 4) had comparable experience, education, and other qualifications"). Thus, Dear has failed to point to a similarly situated employee who was treated more favorably than her and has failed to establish a *prima facie* case of discrimination.

### 3. Employer's Legitimate Reason and Pretext

Even if Dear had established a *prima facie* case, Defendant has put forth legitimate, nondiscriminatory reasons for reassigning Dear to a non-management position and Dear has not pointed to sufficient evidence to establish that Defendant's reason was a pretext. Defendant contends that Dear was demoted to a non-supervisory position because she lacked supervisory skills and because Defendant had received numerous complaints about Dear's performance from emergency room

employees. (SF Par. 7,14). Defendant asserts that deficiencies in Dear's job performance had created a serious morale problem among the emergency room staff, and that Dear failed to create an adequate plan to address the problem when asked to do so. (SF Par. 7, 14). Thus, Defendant has presented a legitimate non-discriminatory reason for its actions.

Once an employer has established a legitimate, nondiscriminatory reason for an adverse action, the burden shifts back to the employee to show that the defendant's reason was a pretext for unlawful discrimination. *Scaife*, 446 F.3d at 739-40. Dear has failed to provide sufficient evidence to show Defendant's reasons for reassigning Dear were a pretext. Dear contends that Jennetten made racist statements to Dear because Jennetten recommended that Dear change her "voice" and her "facial expressions" when talking to staff. (SAF Par. 34; Dear Dep. 41-43). However, as previously noted, the undisputed facts show that Dear had no objective basis upon which to conclude that Jennetten's comments were in any way connected to Dear's race. Instead, the undisputed evidence shows that the comments were related to Dear's job performance as a supervisor and support Defendant's contention that Dear lacked supervisory skills. In addition, one isolated instance, such as where Jennetten allegedly commented on Dear's voice and facial expressions, is not sufficient to support a Title VII claim. *See Petts v. Rockledge Furniture LLC*, 534

F.3d 715, 721 (7th Cir. 2008)(indicating that "'isolated comments that are no more than stray remarks in the workplace are insufficient to establish that a particular decision was motivated by discriminatory animus'") (quoting *Merillat v. Metal Spinners, Inc.*, 470 F.3d 685, 694 (7th Cir. 2006)).  Moreover, Jennetten, and Steward, who the record indicates is also African-American, both clearly stated that Dear's race played no role in their decision to reassign Dear to a non-supervisory position.  (SF Par. 18).  To the extent that Dear seeks to challenge the wisdom of Defendant's actions in dealing with her, such an argument is not appropriate for the pretext analysis.  In order to satisfy the pretext requirement, Dear must show that Defendant's representatives actually lied about the given reason in order to discriminate against her because of her race.  *See Ellis v. United Parcel Service, Inc.*, 523 F.3d 823, 828 (7th Cir. 2008)(stating that "[e]vidence that an employer made a mistake or that the decision was ill-advised cannot meet this burden; an employer's explanation is a pretext for discrimination only if it is a lie").  Even when considering the evidence in its totality, Dear cannot meet the pretext requirement.  Therefore, based on the above, we grant Defendant's motion for summary judgment on the Title VII discrimination claim.

## III. Retaliation

Defendant moves for summary judgment on Dear's Title VII retaliation claim. Title VII prohibits employers from "discriminate[ing] against" an employee, because she has "opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. §2000e-3(a).  A plaintiff can prove a retaliation claim under either the direct method of proof or the indirect method of proof.  *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 662-63 (7th Cir. 2006).

### A.  Direct Method of Proof

Under the direct method of proof, a plaintiff is required to either (1) "'present direct evidence (evidence that establishes without resort to inferences from circumstantial evidence) that [s]he engaged in protected activity (filing a charge of discrimination) and *as a result* suffered the adverse employment action of which [s]he complains'" or (2) present sufficient indirect evidence that creates a "convincing mosaic of circumstantial evidence."  *Sylvester v. SOS Children's Villages Illinois, Inc.*, 453 F.3d 900, 902 (7th Cir. 2006)(quoting in part *Stone v. City of Indianapolis Public Utilities Division*, 281 F.3d 640, 644 (7th Cir. 2002))(emphasis in original).  In the instant action, Dear has no direct evidence of retaliation.  Nor has Dear pointed to sufficient circumstantial evidence to proceed

under the direct method of proof.  Dear points to a variety of circumstantial evidence, but as is explained further below, the evidence does not indicate any unlawful retaliation against Dear.

B.  Indirect Method of Proof

Under the indirect method of proof for a Title VII retaliation claim, the plaintiff must establish a *prima facie* case of retaliation by showing that: "'(1) she engaged in statutorily protected activity; (2) she performed her job according to her employer's legitimate expectations; (3) despite meeting her employer's legitimate expectations, she suffered a materially adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity.'"  *Atanus v. Perry*, 520 F.3d 662, 677 (7th Cir. 2008)(quoting *Hilt-Dyson v. City of Chicago,* 282 F.3d 456, 465 (7th Cir. 2002)).  If a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to provide a "legitimate, non-discriminatory reason for the adverse employment action."  *Id.* Once the defendant provides such a reason, the burden shifts back to the plaintiff to "demonstrate that the employer's reason is pretextual."  *Id.*

In the instant action, the undisputed facts show that Defendant demoted Dear from a supervisory position to a temporary, non-supervisory nurse position in June,

2006, and Dear contacted an EEO counselor in late June to allege discrimination. (SF Par. 7, 13). The undisputed facts also show that in July, 2006, Jennetten notified Dear that the temporary position would end in August, 2008, and Jennetten gave Dear a choice of three non-supervisory positions from which to choose a permanent reassignment. (SF Par. 8). It is also undisputed that Dear did not choose one of the proffered positions and was thus permanently reassigned to a non-supervisory position in the Resident Care Facility Unit ("RCU"), where the hospital most needed staff. (SF Par. 8-10). Dear alleges that her permanent reassignment to the RCU was retaliation, because the RCU position was a day rotating shift and the hours prevented Dear from caring for her grandchild. (SF Par. 12; SAF Par. 35). As is explained below, Dear does not meet the last two requisites of the *prima facie* case for retaliation.


### A. Meeting Employer's Legitimate Expectations

For the reasons stated earlier in this opinion, the undisputed facts clearly show that Dear was not meeting her employer's legitimate expectations during the period in question. Defendant asserts that deficiencies in Dear's job performance had created a serious morale problem among the emergency room staff, and that Dear failed to created an adequate plan to address the problem when asked to do so. (SF

Par. 7, 14). Dear has not pointed to sufficient evidence to contradict such facts. Thus, Dear has not shown that she was meeting her employer's legitimate expectations for the purposes of establishing a *prima facie* case of retaliation.

### B. Similarly Situated Employees

Dear states that she received different treatment than that of similarly situated employees who did not file discrimination complaints. (SAF Par. 42). Dear gives examples of CNMs who were given better working hours after their demotions. However, Dear has not properly identified such employees as similarly situated. Dear also points to the example of Reiman who, for reasons previously stated in this opinion, was not similarly-situated to Dear. Thus, Dear has failed to identify similarly situated employees who did not engage in protected activity and who were treated more favorably than Dear, and Dear has failed to establish a *prima facie* case of retaliation.

### C. Legitimate Non-Retaliatory Reason and Pretext

Even if Dear had established a *prima facie* case of retaliation, Defendant presents a non-retaliatory reason for having assigned Dear to the RCU. Defendant contends that it gave Dear the option of choosing one of three positions for her

permanent reassignment.  (R SAF Par. 35).  The undisputed evidence shows that

Dear was not responsive to Defendant's offer.  Thus, Defendant claims that it

assigned Dear to the RCU, where Defendant had the most need of staff.  (R SAF Par.

35).  Defendant has thus presented a legitimate non-discriminatory reason for its

actions.

Dear has not sufficiently shown that the reasons Defendant gives for assigning

Dear to the RCU, which has a days rotating shift, were a pretext for retaliation.

Additionally, Dear has not provided sufficient evidence that would enable a

reasonable trier of fact to conclude that Defendant retaliated against Dear by

assigning her to the RCU unit.  Even when considering the evidence in its totality

Dear has not met her burden for the pretext analysis.  Therefore, we grant

Defendant's motion for summary judgment on the Title VII retaliation claim.


IV.  Hostile Work Environment

Although it is not apparent from Dear's complaint that she intended to plead a

hostile work environment claim, Dear, in her brief opposing summary judgment,

presents arguments that indicate that she intends to pursue a hostile work

environment claim against Defendant.  (Ans. SJ 8).  For example, Dear argues that

"an employer is prohibited from requiring employees to work in a discriminatory

hostile or abusive environment."  (Ans. SJ 8).


A.  Scope of EEO Complaint

Dear cannot pursue a hostile work environment claim if she has not first pursued her administrative remedies.  A plaintiff can only pursue a claim that is not specifically included in an EEOC charge if the "allegations fall within the scope of the charges contained in the EEOC complaint."  *Kersting v. Wal-Mart, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001).  A claim falls within the scope of the EEOC charge if the claim is "'like or reasonably related to'" the claim included in the EEOC charge, and whether the new claim can "'reasonably be expected to grow out of an investigation of the EEOC charges.'"  *Harper*, 45 F.3d at 147 (quoting *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)).

Dear's administrative complaint alleged only race discrimination and retaliation.  Dear did not present facts that would be reasonably related to a hostile work environment claim.  Nor did Dear present facts from which an investigation would reasonably lead to a hostile work environment claim.  Thus, to the extent that Dear seeks to pursue a hostile work environment claim, the claim is barred since it is beyond the scope of Dear's EEOC complaint.

B.  Evidence of a Hostile Work Environment

Even if Dear had exhausted her administrative remedies in regard to a hostile work environment claim, Dear has failed to present sufficient evidence to support such a claim.  Title VII prohibits a workplace that is "'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and created an abusive working environment. . . .'"  *Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005)(quoting *Harris v. Forklifts Sys. Inc.*, 510 U.S. 17, 21 (1993)).  A plaintiff seeking to prove a Title VII hostile work environment claim must establish: "(1) that the work environment was both subjectively and objectively offensive; (2) that the harassment was based on membership in a protected class; (3) that the conduct was severe or pervasive; and (4) that there is a basis for employer liability." *Id.*

In the instant action, Dear does not point to sufficient evidence that would show that her work environment was objectively offensive.  Dear alleges that Jennetten made racist comments, but for reasons previously stated, based on the undisputed facts, there is insufficient evidence to conclude that these comments were racist or objectively offensive.  In addition, there is no evidence that Defendant's conduct was severe or pervasive, or that there is a basis for employer liability.  Therefore, to the extent that Dear seeks to bring a hostile work environment claim,

we find that no reasonable trier of fact could conclude in favor of Dear on such a claim.

## CONCLUSION

Based on the foregoing analysis, we grant Defendant's motion for summary judgment in its entirety.


Samuel Der-Yeghiayan
United States District Court Judge


Dated:   August 27, 2008